V I R G I N I A:

BEFORE THE VIRGINIA STATE BAR DISCIPLINARY BOARD

IN THE MATTER OF                                            VSB Docket No. 17-053-108449
Martin F. McMahon

## AMENDED ORDER OF SUSPENSION

This Matter came to be heard on October 26, 2018 on the Subcommittee Determination of Certification by the Fifth District, Section III Subcommittee, before a panel of the Virginia State Bar Disciplinary Board ("Board") consisting of Sandra L. Havrilak, 1st Vice Chair (hereinafter "Vice Chair"), Martha J. Goodman (Lay Member), John A. C. Keith, Donita M. King, and John D. Whittington.  The Virginia State Bar ("VSB") was represented by Elizabeth K. Shoenfeld, Assistant Bar Counsel ("Assistant Bar Counsel").  Respondent Martin F. McMahon ("Respondent") was present and was represented by Paul D. Georgiadis ("Respondent's Counsel").  Tracy J. Stroh, court reporter, Chandler & Halasz, P.O. Box 9349, Richmond, Virginia 23227, (804) 730-1222, after being duly sworn, reported the hearing and transcribed the proceedings.

At the outset of the hearing, the Vice Chair polled the members of the panel as to whether any of them were aware of any personal or financial interest or bias which would preclude any of them from fairly hearing this matter and serving on the panel, to which inquiry each member responded in the negative.

All legal notices of the date and place were timely sent by the Clerk of the Disciplinary System ("Clerk") in the manner prescribed by the *Rules of the Supreme Court of Virginia*, Part Six, §IV, Paragraph 13.

Prior to the proceedings, Joint Exhibits A through ZZ were admitted into evidence by the Vice Chair without objection (marked at the hearing as VSB Joint Exhibit 1), and Respondent's Exhibits 9 and 9A, were admitted into evidence over objection of Assistant Bar Counsel. The parties also stipulated to facts, which stipulations were made part of the record (admitted at the hearing as VSB Joint Exhibit 2).

The Board heard testimony from the following witnesses who were sworn under oath: the Respondent, Jamie Greenzweig, Esquire, Seifeselassie Lemma, Esquire, Hasina Lewis, Esquire, William Jameson Fox, Esquire, Brian Callen, VSB Investigator, and Elizabeth B. Sandza, Esquire. The Board considered the exhibits introduced by the parties; heard arguments of counsel and met in private to consider its decision.

Subsequent to the issuance of the Order of Suspension, counsel for both parties brought to the attention of the Panel that the Order of Suspension should be amended to state that because the Respondent was not licensed to practice law in the Commonwealth of Virginia, the Order should provide for his privilege to practice law in the Commonwealth of Virginia be suspended. The request is proper and this Amended Order of Suspension should be granted for that sole purpose.

## **MISCONDUCT**

**I.      Findings of Fact**

Respondent is an attorney who is licensed to practice in Washington, D.C. and in New York. Respondent is not licensed in Virginia. He has been in practice for 48 years and heads a firm in Washington, D.C. The following paragraphs summarize the Board's findings of facts material to this matter.

This matter arises from the filing on May 18, 2016, of a complaint styled *Tomasello v. Reilly, et al.* in the Circuit Court of Fairfax County by Respondent's associate at the time, W. Jameson Fox, a member of the Virginia Bar, which complaint listed Respondent as additional counsel.  By providing services in Virginia and by appearing in a Virginia court, Respondent subjected himself to the disciplinary authority of the Virginia State Bar.  *Rules of Professional Conduct* (hereinafter "Rule(s)") 8.5(a) and 8.5(b)(1).

Mr. Fox filed successive motions to have Respondent admitted *pro hac vice* on July 1 and 13, 2016 respectively.  Both motions were rejected by the court for Fox's failure to follow the correct procedures.  Mr. Fox left his employment with Respondent's law firm on or about July 15, 2016, but never formally withdrew from the case.

On July 15 and August 3, 2016, Respondent filed respectively a request to the Clerk of the Fairfax County Circuit Court for issuance of summonses to some of the defendants in the *Tomasello* case and a Praecipe requesting issuance of summonses, both of which were signed by him alone with no endorsement by local counsel.[1]

After Mr. Fox left his employ, Respondent sought to obtain replacement local counsel. In mid-August 2016, Benjamin Owen, Esquire with the Erlich Law Office had some communications with counsel for the defendants, Jamie Greenzweig, Attorney at Law, in connection with defendants' pending demurrer, but never formally entered an appearance.[2] Respondent met on September 22, 2016 with Seifeselassie Lemma, Esquire, who is admitted in Virginia, but had his office in the same building in Washington, D.C. as McMahon's offices. Mr. Lemma was unavailable to appear at a hearing on the demurrer that was scheduled for

---

[1] Joint Exhibits I and K.
[2] *See* Joint Exhibits M, O, and P.

October 14, 2016, and he testified that he heard nothing further from Respondent until February 2017.

On September 23, 2016, Respondent filed a Memorandum in Opposition to Pending Demurrer.[3]  The cover letter was signed by Respondent and was on his law firm letterhead.[4]  On page 16 of the Memorandum in Opposition,[5] there were three signature blocks – one for Mr. Lemma; one for Mr. Fox; and one for Respondent.  Respondent admitted that he signed all three blocks himself, that he affected different handwriting styles for each, and that he gave no indication that he had signed for Mr. Lemma or Mr. Fox or had permission to do so.  Respondent testified that he had "blanket permission" from both Messrs. Lemma and Fox to sign pleadings for them.  Both attorneys testified that they gave no such blanket permission.  The Board finds the testimony of Messrs. Lemma and Fox to be more credible than the Respondent's testimony.  Therefore, the Board finds that no such permission was given and further that permission to sign for local counsel is irrelevant in that <u>Rule</u> 1A:4(2) invalidates any pleading not signed by local counsel.[6]  It is also worthy of note that on September 23, 2016, Mr. Fox was no longer employed by the McMahon firm.

Respondent next interviewed Hasina Lewis, Attorney at Law in late September 2016. Ms. Lewis had been a member of the Virginia Bar for 4 years, had never served as local counsel, and her practice consisted largely of criminal defense. Ms. Lewis agreed to serve as local counsel and shortly thereafter, on October 4, 2016, she signed and filed an amended complaint in the *Tomasello* case that was 46 pages long and had been prepared by Respondent.

---

[3] Joint Exhibit S; Stipulation 5.
[4] Joint Exhibit R.
[5] Joint Exhibit S.
[6] *See Shipe v. Hunter,* 280 Va. 480, 699 S.E.2d 519 (2010).

A letter dated December 20, 2016, signed by Respondent, includes Hasina Lewis's name on Respondent's law firm letterhead as "Of Counsel" and that she was admitted to practice law in Virginia and Maryland.[7] Ms. Lewis testified that she was not associated with Respondent's firm and had no idea that Respondent listed her on his letterhead. In fact, she testified that the first time she saw it was at the hearing and she was not admitted to the Maryland Bar as identified on his letterhead.

On January 4, 2017, Respondent filed a 3-page Memorandum in Opposition to Demurrer to Amended Complaint to which he signed Ms. Lewis's name as well as his own. On the same day, Respondent filed a Motions Day Praecipe and a Motion for Seven Day Extension within which to file an opposition. Respondent signed Ms. Lewis's name to both documents.[8] Further, on January 4, 2017, Respondent filed another Praecipe and Motion for Leave to File Memorandum in Opposition to Demurrer to Amended Complaint and again signed Ms. Lewis's name to both documents.[9] Ms. Lewis testified that she had seen none of these documents before they were filed and had not given Respondent permission to sign her name on any of them. Finally, on January 4, 2017, Ms. Lewis sent an email to the Judge's law clerk stating that the opposition had been filed at 3:06 pm by courier and that she had been informed by Clerk's office personnel that Respondent's *pro hac vice* had been approved.[10] The information about Respondent's having been admitted *pro hac vice* was incorrect.

---

[7] Joint Exhibit W.
[8] *Id.*
[9] Joint Exhibit AA.
[10] Joint Exhibit DD.

On January 11, 2017, Respondent filed a 5-page Memorandum in Opposition of the Second Demurrer, having been permitted to do so by the Court.[11] Again, he signed Ms. Lewis's name to the pleading and on the accompanying Praecipe.[12]

After a hearing before Judge Kassabian on January 20, 2017, at which Respondent was not allowed to argue because he had no Virginia local counsel, the court entered an order on February 6, 2017 dismissing counts I and II of the *Tomasello* case with prejudice, the demurrer to count III having been previously sustained without leave to amend. The order further directed the parties to agree to a final order of dismissal or to appear before the court on February 17, 2017.[13]

Respondent signed Virginia lawyers' names to two more pleadings – a motion to reconsider on which he signed Ms. Lewis's name[14] and a proposed final order[15] on which he signed Mr. Fox's name and listing the names of Mr. Joshua Erlich, Mr. Lemma, and Ms. Lewis.

II. **Rule Violations**

Based upon the evidence presented, including VSB Exhibit 1, the Certification, the Exhibits admitted into evidence, and the Stipulation of Facts, the Board finds, by clear and convincing evidence, that the Respondent's conduct constitutes misconduct in violation of Rules 3.3(a)(1) and 8.4(b) and (c).

Rule 3.3(a)(1) prohibits a lawyer from knowingly making a false statement of fact or law to a tribunal. Respondent's repeated counterfeit endorsements of those serving as his Virginia counsel, without their permission and without any indication that he was signing for another, as outlined above, each constituted a false representation to the court. In all instances, with one

---

[11] Joint Exhibit HH.
[12] Joint Exhibit II.
[13] Joint Exhibit KK.
[14] Joint Exhibit LL.
[15] Joint Exhibit QQ.

possible exception, the testimony of the witnesses was that Respondent did not have permission to sign pleadings for the Virginia lawyer.  The Board finds the most egregious example of Respondent's misconduct can be found at the Memorandum in Opposition that Respondent signed for two different Virginia counsel and for himself using different handwriting for each signature.[16]  Respondent testified that he had been in practice for 48 years and that he had extensive experience working with local counsel in states in which he was not admitted to practice.  The fact that Respondent's signatory misrepresentations were made knowingly was proven by clear and convincing evidence.

Rule 8.4(b) and (c) provide in pertinent part that it is professional misconduct for a lawyer to: (b) "commit a ... deliberately wrongful act that reflects adversely on the lawyer's honesty, trustworthiness of fitness to practice law;" or (c) "engage in conduct involving dishonesty, fraud, deceit or misrepresentation which reflects adversely on the lawyer's fitness to practice law."  The Board found by clear and convincing evidence that these repeated incidents of Respondent's signing the name of local counsel, without permission and without indicating that he was signing for another person, were both (1) deliberately wrongful, involving dishonesty, fraud, deceit and misrepresentation, and (2) that they reflected adversely on Respondents fitness to practice law.  The Board did not find Respondent's testimony that he had "blanket" permission to sign for his Virginia counsel to be credible.  Respondent's assertion that opposing counsel was at fault for calling into question the merit of his client's claim and warning him and his local counsel about Rule violations were unpersuasive.

## RULING

Having heard the testimony of the witnesses and the documentary evidence presented at the hearing, the Board recessed to deliberate.  After due deliberation, the Board reconvened and

---

[16] Joint Exhibit S.

stated its finding that the VSB had proven, by clear and convincing evidence, each of the *Rule* violations charged.

## SANCTIONS PHASE OF HEARING

In the sanctions phase of the hearing, the Board received further argument and evidence in aggravation and mitigation. Assistant Bar Counsel introduced a certification that Respondent has no disciplinary record in Virginia[17] and an Informal Admonition from the D.C. Bar.[18] Both exhibits were received into evidence, without objection. Respondent testified that his work involves clients who have limited financial resources and that he endeavors to provide them with access to the judicial system.

## DISPOSITION

After hearing the evidence and argument relating to sanctions, the Board recessed to deliberate. After due deliberation and review of the foregoing findings of fact, upon review of exhibits presented, upon the testimony from the witness presented, the Board reconvened and stated its finding that, when considered together, the evidence presented in aggravation and in mitigation, demonstrate a failure to uphold his duties to the profession.

Therefore, upon consideration of the evidence and the nature of the misconduct committed by Respondent, it is ORDERED, by a majority vote of the Board, that the Respondent's privilege to practice law in the Commonwealth of Virginia is suspended for a period of sixty (60) days, effective October 26, 2018.

It is further ORDERED, that as directed in the Board's October 26, 2018 Summary Order in this matter, Respondent must comply with the requirements of *Rules of the Supreme Court of Virginia*, Part 6, Section § IV, ¶ 13-29. Respondent shall forthwith give notice by certified mail,

---

[17] VSB Exhibit 4
[18] VSB Exhibit 5

return receipt requested, of the sixty (60) day suspension of his privilege to practice law in the Commonwealth of Virginia, to all clients for whom he is currently handling matters and to all opposing attorneys and presiding judges in pending litigation.  Respondent shall also make appropriate arrangements for the disposition of matters then in his care in conformity with the wishes of his clients.  Respondent shall give such notice within fourteen (14) days of the effective date of the suspension, October 26, 2018, and make such arrangements as are required herein within forty-five (45) days of the effective date of the suspension.  Respondent shall also furnish proof to the Bar within sixty (60) days of the effective day of the suspension that such notices have been timely given and such arrangements made for the disposition of matters.

It is further ORDERED that if Respondent is not handling any client matters on the effective date of October 26, 2018, Respondent shall submit an affidavit to that effect to the Clerk of the Disciplinary System at the Virginia State Bar within sixty (60) days of the effective day of the suspension.  All issues concerning the adequacy of the notice and arrangements required by Paragraph 13-29 shall be determined by the Virginia State Bar Disciplinary Board, which may impose a sanction of Revocation or additional Suspension for failure to comply with the requirements of this subparagraph.

It is further ORDERED that pursuant to *Rules of the Supreme Court of Virginia*, Part 6, Section, § IV, ¶ 13-9(E), the Clerk of the Disciplinary System shall assess all costs against the Respondent.

It is further ORDERED that the Clerk of the Disciplinary System shall mail an attested copy of this Opinion and Order to Respondent by certified mail, return receipt requested, at Martin F. McMahon & Associates, 1717 K Street, N.W., Suite 900, Washington, D.C. 20006, and a copy by regular mail to Respondent's Counsel, Paul D. Georgiadis, at 2819 North Parham

Road, Suite 110, Richmond, Virginia 23294-4425; and by hand delivery to Elizabeth K. Shoenfeld, Assistant Bar Counsel, Virginia State Bar, 1111 East Main Street, Suite 700, Richmond, Virginia 23219-0026.

ENTERED: November 30, 2018 *nunc pro tunc* to November 19, 2018.

VIRGINIA STATE BAR DISCIPLINARY BOARD

_____
Sandra L. Havrilak, 1st Vice Chair